IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHASE BORUCH,

    Plaintiff,

v.

DONALD J. DUNPHY,
GALEN BAYEN-ALLISON,
ROBERT J. KAISER,
GREGORY M. WEBER,
BRAD SCHIMEL,
JOHN DOE, AND JANE DOE,

    Defendants.

ORDER

Case No. 17-cv-688-wmc

---

Plaintiff Chase Boruch brings this proposed civil action under 42 U.S.C. § 1983, claiming that his Wisconsin postconviction proceeding has been fundamentally unfair. Having been permitted to proceed *in forma pauperis*, however, Boruch's complaint requires screening under 28 U.S.C. § 1915(e)(2). Because Boruch's state proceeding is ongoing, the court is dismissing this matter without prejudice.

ALLEGATIONS OF FACT[1]

Plaintiff Chase Boruch is currently incarcerated at Waupun Correctional Institution, where he is serving a life sentence, having been found guilty of first-degree intentional homicide in violation of Wis. Stat. § 940.01(1)(a). *State v. Boruch*, Case No.

---

[1] In addressing a pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). For purposes of this opinion and order, the court assumes the following facts based on the allegations in plaintiff's complaint.

2010CF269 (Lincoln Cty. Cir. Ct. Jan. 23, 2012). Defendants include: Lincoln County District Attorneys Donald J. Dunphy and Galen Bayen-Allison; Assistant Attorneys General Robert Kaiser and Gregory Weber; Wisconsin Attorney General Brad Schimel; and John and Jane Doe.

On September 29, 2015, Boruch filed a petition for post-conviction relief under Wis. Stat. § 974.06, claiming ineffective assistance of counsel during his post-conviction and appeal proceedings. The Wisconsin circuit court denied that petition on April 27, 2017, reasoning that his collateral attack was procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168 (1994). Boruch lost an appeal of that decision to the Wisconsin Court of Appeals, and he is currently appealing that decision to the Wisconsin Supreme Court in *State v. Boruch*, Case No. 2018AP152 (Wis. filed Jan. 4. 2018), *available at* https://wscca.wicourts.gov (last visited Nov. 26, 2018).

OPINION

In this lawsuit, plaintiff seeks to proceed on claims that defendants' handling of the § 974.06 petition violated his rights to access the courts, due process and equal protection. Specifically, he seeks an injunction requiring Wisconsin courts to grant him an evidentiary hearing on a claim that his post-conviction counsel was ineffective.

Plaintiff's complaint suffers from a number of problems, the most fundamental being that this lawsuit arises directly from plaintiff's *on-going* state court challenge to his criminal conviction. Federal courts may not hear cases that interfere with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Here, plaintiff is

2

currently appealing the decision he is challenging, and thus his federal challenge to his those proceedings and request for an injunction certainly has the potential to interfere with that proceeding. *See Olsson v. O'Malley*, 352 F. App'x 92, 94 (7th Cir. 2009) (concluding that abstention was appropriate where plaintiff bringing § 1983 challenge was simultaneously seeking state court habeas relief and plaintiff did not show that the state court procedures were ineffective). Accordingly, since the only relief he is seeking in this lawsuit is injunctive in nature, the court is dismissing this lawsuit without prejudice. *Cf. Gakuba v. O'Brien*, 711 F.3d 751, 754 (7th Cir. 2013) (finding that in circumstances in which a plaintiff is seeking monetary damages related to an on-going state proceeding, a stay, rather than dismissal without prejudice, is necessary to preserve the plaintiff's civil rights damages claims).

While it appears unlikely that plaintiff is interested in pursuing money damages related to his purported claims, it is worth noting that re-filing this lawsuit will likely prove futile. First, the named defendants are absolutely immune from suit. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) ("[A] state prosecute ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial."). Second, even if plaintiff's state court appeal is unsuccessful and he sought to re-file this case, the court would likely dismiss plaintiff's claims under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), since a judgment in his favor in this court could imply the invalidity of his conviction. Indeed, to recover damages for a prisoner's "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id*. Otherwise, a claim for damages based on a conviction or sentence is not cognizable under 42 U.S.C. § 1983. *Id.*

ORDER

IT IS ORDERED that this matter is DISMISSED WITHOUT PREJUDICE.

Entered this 26th day of November, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge