IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHASE BORUCH,
    Plaintiff-Appellant,

v.

DONALD J. DUNPHY, ET. AL.,
    Defendant-Appellees.

Case No.: 17-cv-688-wmc

App. No.: _____

---

## NOTICE OF APPEAL
(Fed. R. App. P. 3; Cir. R. 3)

---

TO:   **United States Court of Appeals**
Seventh Circuit
Attn: Gino Agnello, Clerk
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Room 2722
Chicago, IL 60604-1702

**United States District Court**
Western District of Wisconsin
Attn: Peter Oppeneer, Clerk
Robert W. Kastenmeier United States Courthouse
120 North Henry Street
Room 320
Madison, WI 53703-2559
Phone: 608.264.5156
Fax: 608.264.5925
Email: ecfhelp@wiwd.uscourts.gov

**Wisconsin Department of Justice**
Attn: Corey Francis Finkelmeyer
Assistant Attorney General
17 West Main Street (53703)
P.O. Box 7857 (53707)
Madison, WI 53707-7857
Phone: 608.266.7342
Fax: 608.267.8906
Email: finkelmeyercf@doj.state.wi.us
Email: federalorderscl@doj.state.wi.us

**PLEASE TAKE NOTICE** that the Plaintiff (Appellant) in the above-cited matter, hereby appeals to the United States Court of Appeals for the Seventh Circuit, from the FINAL judgment entered

in this action on the 26 day of November, 2018. A true and correct copy of the Judgment/Order appealed from is attached hereto as Exhibits A-A.3, and as Exhibit B.

On December 10, 2018, Boruch filed a Rule 59 Motion To Alter/Amend Judgment (ECF Nos. 14 and 15)(See Fed. R. App. P. 4(a)(4)(A)(iv)), which was disposed of on September 16, 2019, in favor of the Defendants-Appellees. A copy of the disposition is attached hereto as Exhibits C-C.2. This Notice Of Appeal is timely, because it must be filed on or before October 15, 2019 (Fed. R. App. P. 4(a)(1)(A)).

Respectfully signed this __2nd__ day of October, 2019.

```
                                    _____
                                    Chase Boruch - 582646
                                    Waupun Correctional Institution
                                    P.O. Box 351
                                    Waupun, WI  53963
```

Distribution: Clerk, U.S. District Court, Western District of Wisconsin (via ECF)
Clerk, U.S. Court of Appeals for the Seventh Circuit (1 copy via U.S. Mail)
AAG, Corey Finkelmeyer, Wisconsin Department of Justice (via ECF)
Chase Boruch

Cecil
11-29-cc

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHASE BORUCH,

    Plaintiff,

v.

DONALD J. DUNPHY,
GALEN BAYEN-ALLISON,
ROBERT J. KAISER,
GREGORY M. WEBER,
BRAD SCHIMEL,
JOHN DOE, AND JANE DOE,

    Defendants.

ORDER

Case No. 17-cv-688-wmc

Plaintiff Chase Boruch brings this proposed civil action under 42 U.S.C. § 1983, claiming that his Wisconsin postconviction proceeding has been fundamentally unfair. Having been permitted to proceed *in forma pauperis*, however, Boruch's complaint requires screening under 28 U.S.C. § 1915(e)(2). Because Boruch's state proceeding is ongoing, the court is dismissing this matter without prejudice.

ALLEGATIONS OF FACT[1]

Plaintiff Chase Boruch is currently incarcerated at Waupun Correctional Institution, where he is serving a life sentence, having been found guilty of first-degree intentional homicide in violation of Wis. Stat. § 940.01(1)(a). *State v. Boruch*, Case No.

---

[1] In addressing a pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). For purposes of this opinion and order, the court assumes the following facts based on the allegations in plaintiff's complaint.

Exhibit A

2010CF269 (Lincoln Cty. Cir. Ct. Jan. 23, 2012). Defendants include: Lincoln County District Attorneys Donald J. Dunphy and Galen Bayen-Allison; Assistant Attorneys General Robert Kaiser and Gregory Weber; Wisconsin Attorney General Brad Schimel; and John and Jane Doe.

On September 29, 2015, Boruch filed a petition for post-conviction relief under Wis. Stat. § 974.06, claiming ineffective assistance of counsel during his post-conviction and appeal proceedings. The Wisconsin circuit court denied that petition on April 27, 2017, reasoning that his collateral attack was procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168 (1994). Boruch lost an appeal of that decision to the Wisconsin Court of Appeals, and he is currently appealing that decision to the Wisconsin Supreme Court in *State v. Boruch*, Case No. 2018AP152 (Wis. filed Jan. 4. 2018), *available at* https://wscca.wicourts.gov (last visited Nov. 26, 2018).

OPINION

In this lawsuit, plaintiff seeks to proceed on claims that defendants' handling of the § 974.06 petition violated his rights to access the courts, due process and equal protection. Specifically, he seeks an injunction requiring Wisconsin courts to grant him an evidentiary hearing on a claim that his post-conviction counsel was ineffective.

Plaintiff's complaint suffers from a number of problems, the most fundamental being that this lawsuit arises directly from plaintiff's *on-going* state court challenge to his criminal conviction. Federal courts may not hear cases that interfere with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Here, plaintiff is

Exhibit A.1

currently appealing the decision he is challenging, and thus his federal challenge to his those proceedings and request for an injunction certainly has the potential to interfere with that proceeding. *See Olsson v. O'Malley*, 352 F. App'x 92, 94 (7th Cir. 2009) (concluding that abstention was appropriate where plaintiff bringing § 1983 challenge was simultaneously seeking state court habeas relief and plaintiff did not show that the state court procedures were ineffective). Accordingly, since the only relief he is seeking in this lawsuit is injunctive in nature, the court is dismissing this lawsuit without prejudice. *Cf. Gakuba v. O'Brien*, 711 F.3d 751, 754 (7th Cir. 2013) (finding that in circumstances in which a plaintiff is seeking monetary damages related to an on-going state proceeding, a stay, rather than dismissal without prejudice, is necessary to preserve the plaintiff's civil rights damages claims).

While it appears unlikely that plaintiff is interested in pursuing money damages related to his purported claims, it is worth noting that re-filing this lawsuit will likely prove futile. First, the named defendants are absolutely immune from suit. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) ("[A] state prosecute ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial."). Second, even if plaintiff's state court appeal is unsuccessful and he sought to re-file this case, the court would likely dismiss plaintiff's claims under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), since a judgment in his favor in this court could imply the invalidity of his conviction. Indeed, to recover damages for a prisoner's "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence

3

Exhibit A.2

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* Otherwise, a claim for damages based on a conviction or sentence is not cognizable under 42 U.S.C. § 1983. *Id.*

ORDER

IT IS ORDERED that this matter is DISMISSED WITHOUT PREJUDICE.

Entered this 26th day of November, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

Exhibit A.3

4

rec'd 11-29-18

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHASE BORUCH,

    Plaintiff,

JUDGMENT IN A CIVIL CASE

17-cv-688-wmc

v.

DONALD J. DUNPHY,
GALEN BAYEN-ALLISON,
ROBERT J. KAISER,
GREGORY M. WEBER,
BRAD SCHIMEL,
JOHN DOE, AND JANE DOE,

    Defendants.

---

    IT IS ORDERED AND ADJUDGED that judgment is entered dismissing this case without prejudice.

| /s/ | 11/26/2018 |
|---|---|
| Peter Oppeneer, Clerk of Court | Date |

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHASE BORUCH,

    Plaintiff,

v.

DONALD J. DUNPHY, GALEN BAYEN-
ALLISON, ROBERT J. KAISER,
GREGORY M. WEBER,
BRAD SCHIMEL,
JOHN DOE, and JANE DOE,

    Defendants.

ORDER

Case No. 17-cv-688-wmc

*Pro se* plaintiff Chase Boruch filed this lawsuit under 42 U.S.C. § 1983, claiming that his Wisconsin postconviction proceeding has been fundamentally unfair. On November 26, 2018, the court dismissed this case without prejudice because his postconviction proceedings were ongoing and Boruch was seeking only injunctive relief that would directly interfere with that proceeding. (Op. & Order (dkt. #12) at 3.) Boruch has since filed a motion to alter or amend under Federal Rule of Civil Procedure 59(e), asking that the court stay, rather than dismiss, this action. (Dkt. #14.) For the reasons that follow, the court is denying his motion.

OPINION

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure

Exhibit C

to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

Boruch has not pointed to any newly discovery evidence or error in law or fact warranting relief. First, Boruch claims that the court got the facts wrong, explaining that he was appealing the Wisconsin Court of Appeals' decision at the time he brought this lawsuit. The court's order was not wrong; the court acknowledged that Boruch's postconviction proceedings were not complete, which was why the court deemed dismissal appropriate.

Boruch's other arguments represent disagreement with the court's conclusion, not a mistake of law or fact. Boruch disagrees with this court's conclusion that dismissal was appropriate pursuant to *Younger v. Harris*, 401 U.S. 37, 45 (1971), since his postconviction proceedings were not complete, and there was overlap between that case and his proposed § 1983 claims. While Boruch's *preference* is that the court stay this action, the court explained that dismissal, without prejudice to Boruch's ability to refile it once his postconviction proceeding is final, is proper, since Boruch seeks only injunctive relief in this lawsuit. The court sees no clear error in that analysis.

Boruch also disagrees with two comments the court made about the possibility of him refiling his lawsuit once his postconviction proceeding finishes. For one, he disagrees with the court's comment that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), may pose a bar to him

2


Exhibit C.1

pursuing monetary damages once his postconviction proceeding is final. Boruch also disagrees with the court's comment that his claims against the prosecutor defendants involved in that proceeding would be subject to dismissal on the ground that prosecutors are entitled to absolute immunity. While Boruch expresses disagreement with these comments, he has not pointed to a manifest error in law or fact. More importantly, these comments simply were intended to provide Boruch legal standards that may be relevant to claims for monetary relief he may seek to bring once his postconviction proceedings are complete. In other words, the principles of *Heck* and prosecutorial immunity were not the basis for the court's dismissal, the *Younger* abstention doctrine was. In sum, Boruch has not pointed to any manifest error in the court's decision to dismiss this action without prejudice, so the court is denying his motion to alter or amend its judgment.

ORDER

IT IS ORDERED that plaintiff Chase Boruch's motion to alter or amend judgment (dkt. #14) is DENIED.

Entered this 16th day of September, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

Exhibit C.2

Mr. Peter Oppeneer
Clerk
United States District Court
Western District of Wisconsin
United States Courthouse
120 North Henry Street
Room 320
Madison, WI 53703-2559

Chase Boruch - 582646
Waupun Correctional Institution
P.O. Box 351
Waupun, WI 53963

    re: <u>Chase Boruch v. Donald Dunphy, Et. Al.</u>, Case No. 17-cv-688-wmc

Clerk Oppeneer:

Enclosed, please find my Notice Of Appeal, along with a Transcript Information Sheet. On September 6, 2017, I filed a Motion To Proceed IFP (ECF No. 2), and I ask that you please use that application to determine indigency for the purposes of proceeding without paying the filing fee associated with this appeal.

Respectfully,

Chase Boruch

Dated: 10.2.19

Distribution:  U.S. District Court, Western District of Wisconsin, e-file
                Wisconsin Department of Justice, by electronic means
                Chase Boruch